**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BRANDON GALETTE | : | |
| *Plaintiff,* | : | Civil Action |
| v. | : | No. 24- |
| UNITED STATES OF AMERICA | : | |
| *Defendant* | : | |

## COMPLAINT

### I.     PRELIMINARY STATEMENT

1.     Plaintiff Brandon Galette brings this claim against the United States of America to address the gross negligence of Bureau of Prisons ("BOP") staff in the Federal Detention Center ("FDC") in Philadelphia. BOP staff's failure to provide timely and adequate medical care for Mr. Galette caused him prolonged physical and emotional suffering and long-term health consequences.

2.     In April 2022, while incarcerated at the FDC, Mr. Galette suffered a severe injury to his arm, disrupting previously placed metal rods. BOP employees failed to ensure that Mr. Galette receive timely surgery needed to repair his injury and remove the old hardware in his arm.

3.     When Mr. Galette finally did receive surgery on June 23, 2022, BOP staff confiscated materials provided to Mr. Galette for his postoperative care and refused to provide him with any gauze or cleaning material. As a direct result, Mr. Galette could not properly cleanse and protect his wound.

4. Without these essentials, Mr. Galette's wound became badly infected and required emergency treatment, including multiple additional surgeries and several weeks of hospitalization.

5. The BOP's unnecessary delay in ensuring Mr. Galette's surgery, the inadequate post-operative care, and the delays in responding to Mr. Galette's growing infection worsened Mr. Galette's condition and caused his avoidable, painful additional treatment. As a result, Mr. Galette's wound did not fully heal, and he continues to suffer from pain in his arm, nerve damage, muscle spasms, and depression.

6. Mr. Galette brings this action against defendant United States of America under the Federal Tort Claims Act seeking compensation for his past and future physical and emotional pain and suffering.

## II. JURISDICTION & VENUE

6. Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

7. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1346(b). On November 13, 2023, Mr. Galette submitted a timely Administrative Tort Claim to the BOP. On April 25, 2024, the BOP denied Mr. Galette's claim. This Complaint has been filed within six months of the BOP's denial and is thus timely under 28 U.S.C. § 2401(b).

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b) because the events and omissions giving rise to this action occurred in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

### III.    PARTIES

9.    Plaintiff Brandon Galette, age 30, was at all times relevant to this Complaint incarcerated in the custody of the BOP at the FDC Philadelphia and is currently housed at U.S. Penitentiary—Lee in Pennington Gap, Virginia.

10.    Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

11.    At all times relevant to this Complaint, all medical and corrections staff mentioned below were employees of BOP and defendant United States of America and were acting within the course and scope of their employment.

### IV.    FACTS

12.    On April 9, 2022, while incarcerated at the FDC in Philadelphia, Mr. Galette fractured his left arm, which was secured with a metal rod from a previous injury.

13.    Following an examination at his cell by a BOP nurse, BOP staff placed Mr. Galette's arm in a sling and ordered an X-ray evaluation for him.

14.    Almost two weeks later, on April 20, 2022, Mr. Galette received an X-ray evaluation at the FDC and was diagnosed with a humeral plate fragmentation in his proximal to mid shaft humerus bone, a complex fracture that requires specialist evaluation.[1]

15.    The humerus is a bone located in the upper arm that supports shoulder and elbow joints and is necessary for the functioning of the arm and chest muscles.[2]

---

[1] *Humeral Shaft Fracture*, RENO ORTHOPEDIC CENTER, https://www.renoortho.com/specialties/center-for-fracture-trauma/humeral-shaft/#:~:text=A%20humeral%20shaft%20fracture%20is,falls%20in%20the%20elderly%20patient.

[2] *Id.*

16.     On April 26, 2022, Mr. Galette received an orthopedic evaluation at Rothman Orthopaedics, during which an orthopedic specialist told Mr. Galette that he needed immediate surgery, within 30 days, to remove the metal rod and repair the fracture.

17.     On May 10, 2022, Mr. Galette was seen again by BOP medical staff and reported that he was still suffering severe pain in his left arm. On May 23, 2022, a full month after the orthopedic specialist concluded that immediate surgery was necessary, BOP staff initiated a request for Mr. Galette to receive surgery. The surgery was then scheduled for May 30, 2022.

18.     While waiting for his delayed surgery, Mr. Galette submitted sick calls, grievances, and requests for treatment, and he repeatedly told BOP medical staff that the medication they had provided to him was failing to effectively treat his pain.

19.     The surgery scheduled for May 30, 2022, did not take place on that date.

20.     It was not until June 23, 2022, twenty-three days after the originally scheduled date and two months after the surgery was ordered, that Mr. Galette received surgery on his arm at Thomas Jefferson University Hospital ("Jefferson Health"). The extensive surgery consisted of an open reduction, internal fixation and bone grafting of Mr. Galette's left humeral bone.

21.     Reasonable medical practitioners know that a delay in surgery may result in poorer outcomes and increase the risk of post-operative infection.[3]

22.     The day after his surgery, Mr. Galette was discharged from Jefferson Health to the FDC and told to contact his medical provider if he experienced any swelling, warmth, or incision drainage with fever or chills.

---

[3] Sue J. Fu, MD, et al, *The Consequences of Delaying Elective Surgery: Surgical Perspective*, 272 ANNALS SURGERY 79 (2020), https://doi.org/10.1097%2FSLA.0000000000003998.

23. Mr. Galette's Jefferson Health providers gave him gauze and other medical supplies necessary to keep his wound clean and dry to avoid post-operative infection.

24. Upon Mr. Galette's return to FDC on June 24, 2022, BOP confiscated the medical supplies that Jefferson Health had provided him and did not give him any new supplies, leaving him unable to follow his physician's instructions for post-operative care and dangerously vulnerable to infection.

25. On June 26, 2022, Mr. Galette's surgical wound site started bleeding excessively—a clear sign of infection. Several hours after Mr. Galette notified BOP staff, a BOP nurse cleaned the wound and rewrapped it but did not provide Mr. Galette with any additional supplies to perform further wound care.

26. Over the next several weeks, Mr. Galette's infection worsened, and he repeatedly requested new supplies and medical attention, but the BOP staff often failed to respond or provide him with the necessary materials. When they did respond, the care was delayed.

    a. On June 30, 2022, Mr. Galette informed BOP staff that his wound was still bleeding. BOP medical staff confirmed that Mr. Galette's wound was bleeding, inflamed, red, and warm to the touch upon evaluation, but did not treat his wound.

    b. On July 8, 2022, Mr. Galette informed BOP staff that his wound was oozing. BOP medical staff confirmed his symptoms and reported that there was significant drainage from the wound. Again, they did not treat his wound.

27. As Mr. Galette's condition deteriorated, he became increasingly fearful that he could face lasting damage or even die from the infection and he continually requested to see a doctor, however BOP staff told him that since he already had a post-operative follow-up appointment scheduled for mid-July, he would have to wait.

28. On July 12, 2022, Mr. Galette was finally seen by his orthopedic surgeon for his previously-scheduled post-operative follow-up visit. The surgeon concluded that Mr. Galette's wound was severely infected, and immediately transferred him to the emergency department where he was admitted for further inpatient treatment.

29. As a result of the infection, Mr. Galette was hospitalized for almost three weeks.

30. During this period of hospitalization, Mr. Galette underwent two more surgeries to cut out the infection and a third surgery to close the wound. These additional surgeries caused Mr. Galette severe physical pain.

31. For months following the delay in his surgery and inadequate post-operative care, Mr. Galette suffered from fevers, sweating, and chills, as well as emotional distress, including anxiety, panic attacks, feelings of hopelessness, and inability to sleep.

32. Mr. Galette continues to suffer from pain in his arm, muscle spasms and cramps, nerve damage, and depression.

33. Following the post-infection surgeries, Mr. Galette's physicians told him that any further surgeries would risk increased nerve damage and could lead to amputation, so his options for additional care to treat his ongoing pain and nerve damage are severely limited.

34. Reasonable medical practitioners know that failure to follow post-operative care instructions may result in infection or other harmful consequences.[4] Because BOP staff prevented Mr. Galette from following his physician's post-operative wound care instructions by confiscating his gauze and failing to provide a new supply of gauze or equivalent material, they directly caused his infection.

---

[4] Herra Javed et al, *Challenges and Solutions in Postoperative Complications: A Narrative Review in General Surgery*, 15 CUREUS 1 (2023), https://doi.org/10.2147%2FCLEP.S200454.

35. Because BOP employees delayed Mr. Galette's surgery for nonmedical reasons, denied him supplies for his post-operative care, and failed to respond timely to Mr. Galette's growing infection, the BOP prolonged his severe emotional and physical suffering.

## V.     CAUSES OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligence

35. The BOP correctional and medical staff owed a duty of care to Mr. Galette, breached that duty, and, as a result, were direct and proximate causes and substantial factors in bringing about Mr. Galette's damages.

36. The actions and inactions of the BOP correctional and medical staff constitute the tort of negligence under the law of Pennsylvania.

37. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count II
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligent Infliction of Emotional Distress

38. The BOP correctional and medical staff's negligence caused Mr. Galette to suffer extreme emotional distress, which resulted in the physical and mental consequences as described above.

39. The actions and inactions of the BOP correctional and medical staff constitute the tort of negligent infliction of emotional distress under the law of Pennsylvania.

40. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

## Count III
## Plaintiff v. Defendant United States of America
## Federal Tort Claims Act – Intentional Infliction of Emotional Distress

41. The conduct of the BOP correctional and medical staff was extreme and outrageous—they, without medical reason, intentionally delayed Mr. Galette's surgery, confiscated items Mr. Galette needed for his post-operative care, denied him basic wound care, and infrequently responded to Mr. Galette's pleas for help before and after surgery. The BOP correctional and medical staff acted intentionally or with reckless disregard for Mr. Galette's injury and resulting infection, and thus caused him emotional distress. This distress was severe, as Mr. Galette suffered mental and physical consequences as a result of BOP's actions.

42. The actions and inactions of the BOP correctional and medical staff constitute the tort of intentional infliction of emotional distress under the law of Pennsylvania.

43. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Wherefore**, plaintiff Brandon Galette respectfully requests:

A.  Compensatory damages;

B.  Reasonable attorneys' fees and costs; and

C.  Such other and further relief deemed just and appropriate.

*/s/ Grace Harris*
Grace Harris
Attorney No. 328968

Jonathan H. Feinberg
Attorney No. 88227

KAIRYS, RUDOVSKY, MESSING,
    FEINBERG & LIN, LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
gharris@krlawphila.com
jfeinberg@krlawphila.com

*Counsel for Plaintiff*
